William Samuel LEE, Plaintiff,

v.

JONES LANG LASALLE AMERICAS, INC., Defendant.

No. 4:01CV496–RH.

United States District Court,
N.D. Florida,
Tallahassee Division.

April 24, 2002.

Steven E. Sellers, Sellers Law Firm PL, Tallahassee, FL, for Plaintiff.

Theresa M. Gallion, Juan C. Lopez–Campillo, Fisher & Phillips LLP, Orlando, FL, for Defendant.

## ORDER DENYING MOTION TO DISMISS

HINKLE, District Judge.

Plaintiff William Samuel Lee asserts he suffered employment discrimination based on his handicap. He asserts defendant Jones Lang LaSalle Americas, Inc. ("Jones Lang") is the successor in interest of the employer, Compass Retail, Inc. ("Compass").

Mr. Lee filed an administrative charge with the Florida Commission on Human Relations. On the recommendation of an Administrative Law Judge, entered after an evidentiary hearing, the FCHR entered an order awarding Mr. Lee $11,770. The award was against Compass. Jones Lang was not a party to the administrative proceeding.

In this lawsuit Mr. Lee seeks relief under the Florida Civil Rights Act, chapter 760, Florida Statutes, on alternative grounds: first, based on the administrative award, and second, directly under the Civil Rights Act, without regard to the administrative award.

Jones Lang has moved to dismiss, asserting that Mr. Lee can seek to recover based on the administrative award, or directly under the Civil Rights Act, but not both. The relevant statute provides:

> In the event the final order issued by the commission determines that a violation of the Florida Civil Rights Act of 1992 has occurred, the aggrieved person may bring, within 1 year of the date of the final order, a civil action under subsection (5) as if there has been a reasonable cause determination or accept the affirmative relief offered by the commission, *but not both.*

§ 760.11(7), Fla. Stat. (emphasis added).

As the statute makes clear, a plaintiff who, like Mr. Lee, has obtained an administrative award may seek to enforce the

administrative award, or may bring a civil action independently of the administrative award, but may not do both. Although pleading in the alternative ordinarily is allowed, the Legislature's decision in this instance was to require a plaintiff to choose, at the outset, whether to stand on or forego the administrative award; a plaintiff is not free to keep his or her options open, take discovery, and make a decision later. One reason why the Legislature might have adopted this approach is that a claim based on an administrative award ordinarily would be more streamlined and less expensive than an original lawsuit; much as a claimant cannot ordinarily pursue both arbitration and litigation, so also a plaintiff in these circumstances ought not be able to start over but simultaneously keep an administrative award in his or her back pocket.

If Mr. Lee had filed an administrative charge and obtained an award against Jones Lang, I would grant the motion to dismiss and thus require Mr. Lee to choose, at this time, whether to stand on or forego his administrative award. But that is not what happened. Mr. Lee filed a charge and obtained an award against Compass, which he now seeks to enforce against Jones Lang, allegedly the successor in interest to Compass. Jones Lang has not yet answered, but it would not be surprising if Jones Lang challenged its responsibility for the award against Compass.

Nothing in § 760.11(7) requires a plaintiff to forego any recovery at all; a plaintiff need only choose which of two alternatives to pursue. I conclude that, in the unusual circumstances of the case at bar, Mr. Lee should not be foreclosed from pursuing a lawsuit against Jones Lang if it is determined that he has no right to enforce his administrative award. Mr. Lee should, however, be required to elect now whether, if recovery under the administrative award is available, he will stand on the award or begin anew. This will be accomplished by requiring Mr. Lee to file a more definite statement.

This approach is fully consistent with the apparent purpose of § 760.11(7), Florida Statutes, with the general availability of alternative pleading under the common law of Florida (as well as under federal and Florida pleading rules), and with the accepted canon of construction in Florida that statutes in derogation of the common law (such as this statute in derogation of the common law right to plead in the alternative) must be strictly construed.[1]

For these reasons,

IT IS ORDERED:

1. By not later than May 3, 2002, plaintiff shall serve a more definite statement specifying whether by his amended complaint he seeks to recover, if he has a choice, under the administrative award or *de novo*. The statement shall be served in a manner assuring actual receipt by defendant's attorney by May 3, 2002. If plaintiff indicates his first choice is to proceed *de novo*, count I of plaintiff's amended complaint will be dismissed. If plaintiff indicates his

---

**1.** Nothing in this order should be taken as an indication that Mr. Lee properly may or may not recover against Jones Lang (or for that matter Compass) either on the administrative award or under the Civil Rights Act. Although at first blush it might appear that if Mr. Lee cannot recover against Jones Lang on the administrative award then he also cannot recover against Jones Lang in a *de novo* action under the Civil Rights Act, that might not be clear; thus, for example, Jones Lang complains that it received no notice of or opportunity to participate in the administrative hearing. Whether Mr. Lee ultimately will be able to recover against Jones Lang on either of the alternative theories set forth in the amended complaint is not an issue now before the court.

first choice is to proceed on the administrative award, then no award will be made on count II unless it is determined that the administrative award is not enforceable against defendant.

2. Defendant's motion (document 21) to dismiss the amended complaint is DENIED. The deadline for defendant to serve its answer to the amended complaint is extended to May 10, 2002.